ShackelfoRD J.,
delivered the’ opinion of the Court.
This is an action of trespass, brought in the Circuit Court of Davidson, by the plaintiff in error, as administrator of his wife, for the use of himself, Catharine Bream and Bridget Bream, minor children of Bridget Bream, dec’d, against R. L. Brown, J. P. Forbes and W. E. Evans. The gravamen of the charge is, that the defendants were druggists, and prescriptionists in the City of Nashville, and the plaintiff’s intestate, being sick, applied to them for a medicine, having a written prescription from a physician, for the medicine known as Colycinth; and the defendant Evans, the •clerk and the agent of the defendants, Brown and Forbes, in preparing and mixing up said prescription, did it so carelessly and negligently, that he mixed up and prepared other medicines, which were poisonous, *170 and ■which were taken by the intestate, from which she died. The damages were laid at twenty thousand dollars in the declaration; a demurrer was filed to the declaration, which was allowed by the Court, and the suit dismissed; from which ruling of the Court the plaintiff in error has appealed to this Court.
The important and only question presented for our consideration is, whether this action can be maintained. Sec. 2291, of the Code, provides as follows: “The right of action which a person who dies of injuries received from another, or whose death is caused from the neglegent, acts or omissions of another, would have had against the wrong-doer, in case death had not ensued, shall not abate, nor be extinguished by his death, but shall pass to his personal representatives, for the benefit of his widow or his next kin, free from the claims of creditors.” This section and the section following, 2292 of the Code, embody the provisions of An Act passed the 1st of February, 1850. By the common law, all personal actions for wrongs or injuries, abated by the death of the party. To remedy this and throw the protecting power of the law, around the citizen, the Act of 1st February, 1850, was passed, .which enacts that, “In all and every case where any person shall come to his death by injuries received from another, whether the same were inflicted feloniously or not, for which injuries, in case death had not resulted, an action of damages would lie at law, the personal representative of the person thus killed, shall have the right to institute a suit for the damages in either of the Circuit Courts in the State,” etc.
*171 In codifying tbe laws of tbe State, tbe provisions of this Act were carried into tbe Code, in sections 2291 and 2292. Tbe language of sec. 2291 is broad and comprehensive in its terms. Tbe intention of tbe Legislature was, to protect tbe life of tbe citizen, by giving compensation in damages against tbe party, for tbe commission of wrongful or negligent acts. Tbe increased facilities for travel by railroad and steamboat, tbe negligent conduct of those entrusted with tbe lives of tbe passengers, with tbe frequently recurring accidents, which resulted so often in tbe destruction of human life, forced tbe Legislature to pass laws giving tbe right of action for injuries inflicted. Tbe Act of 1850 was. passed, altering tbe common law, and giving tbe right to sue to the personal representative, in tbe case of death. In tbe construction and meaning of tbe section of tbe Code, and tbe rights under it, we must look to tbe intention of tbe Legislature, and give to tbe words all possible meaning which is consistent with tbe language used. In tbe sections of tbe Code under consideration, tbe most comprehensive words are used to express tbe intention. In giving tbe right' of action, all and every individual is embraced in tbe word person.
It is insisted that tbe word person, in this section of the Code, does not include tbe wife, as this section, by its terms, means tbe deceased must have left a widow, and next of kin; that section 2291 is explained by sec. 2292; that in tbe term next of kin, in tbe last section referred to, tbe language is: “Tbe action may be brought by tbe personal representative *172 of the deceased, for the benefit of tbe widow and children; and, if he decline it, the widow and children may bring it;” that sec. 2291 means the right of action which a man whose death is caused by the wrongful act of another, shall not abate if he has a wife and children; in that event, the right of action will pass to the personal representatives for their benefit. In other words, that the statute provides for the death of a man and not a woman.
To this construction of sec. 2291, we cannot assent. To ascertain the intention of the Legislature, in construing a statute of doubtful meaning, it is well settled that, for the purpose of arriving at the legislative intent, all Acts on the same subject matter are to be taken together and examined. In order to arrive at the true meaning, when there are different statutes in pari materia, though made at different periods or expired, shall be taken and construed together as explanatory: Sedgewick on Cons. and Stat. Law, 247; 20 Johnson, 735.
Apply this principle to the construction of sec. 2291 of the Code. By the Act of February 1, 1850, the right of action was given in all and every ease, where any person should come to his death by injuries received from another, whether feloniously inflicted or not, and for which, in case death had not resulted, an action for damages would lie, the personal representatives shall have the right to bring the suit.
It will be seen by this Act of February 1, 1850, that a new cause of action was created, unknown to the com *173 mon law. The terms of sec. 2291 of tbe Code, are: “The suit shall not abate, nor be extinguished;” thereby giving the personal representative the right to bring the suit; and, if he decline it, the widow and children may institute the action. It is insisted that this, being an action unknown to the common law, should not be extended beyond the plain import and meaning of the words of the section.
We admit the correctness of the principle. The language is very broad; the word person being used, includes all classes, and every one is embraced, who, if death had not ensued, could have maintained an action. Section 2291 gives the right of action, and section 2292 provides the remedy. Could the wife, in this case, have sued, if she had survived the injury and permanent ill-health resulted? By the common law, the wife could not sue alone — she had to join with her husband — if the husband died, the right survived to her. By provision of section 2291, if a person injured had a right to sue, the action shall not abate. By reason 'of the coverture, the wife cannot sue alone — she must join with her husband; but the right of action springs from and out of her — the husband is the means by which that right is enforced. As in the case of infants, who must sue by their guardian .or next friend, and so in all the relations of life, where persons are under disabilities. The injury inflicted was to the wife. Can it be doubted, that if she had lived, she could have maintained the action?
The proposition is too plain for argument. The courts are alike open to the wife, as well as to the husband. *174 Where their rights are not antagonistic, they must join; but where they are opposed, the law gives the remedy. If the wife in her life-time, jointly with her husband, commence an action for wrongs and injuries done her, by sec. 2846 of the Code, if she die, the suit would not abate. The provisions of that section are, that no civil •action, whether founded on wrongs or contracts, except wrongs affecting the character, shall abate by the death of either party. In cases where the husband and wife Sue for wrongs or injuries inflicted on the wife, and she die, the action must be revived in the name of the personal representative. Upon that being done, the husband is no longer a necessary party, and the suit is prosecuted in the name of her personal representative: 50 Maine Rep., 87. In that case, the Court say: “The husband is but the enabling party, not the actor. He is only required to join by reason.of his relation. He may be likened to a guardian in whose name the action is brought for the ward. The husband being a mere nominal party, a side-supporter, having no right to be in the writ, except as the aid and supporter of his wife, and as one with her, she dies, he may, therefore, withdraw, and allow her administrator to come in.” The wife, then, having the right of action to sue for wrongs and injuries inflicted, the husband being only the supporter or means by which the right is enforced, she is a person within the meaning of sec. 2291 of the Code.
To hold that the Legislature did not intend to embrace the wife in this section, would be giving a narrow and close construction not contemplated by the framers of the *175 law. Can it be held, consistently with our views of right, that those we most love and cherish, who give life and light to our homes; who nurtured us in our infancy; who lean upon us in our manhood, and look to us for protection, and who are infinitely our superiors in all the higher affections of our nature, are excluded from the provisions of a law, the object and purpose of which was to protect human life? It would be a libel on the Legislature, and a reflection upon the civilization of the State. We are of opinion, that the wife is embraced in the provisions of sec. 2291 of the Code; that she would, if she had lived, have had the right of action jointly with her husband for the wrong or injury done her; and having died, that the right passed to her personal representative.
We are sustained in this view of sec. 2291 of the Code, by the decisions of the Courts of New York, Illinois and Ohio, where acts of similar import have been passed, and received a judicial construction: 21 Barber, 245; 28 Barber, 41; 15 New York, 482; 24 New York, 471; 18 Ill., 358; 7 Ohio, 385. See, also, 5 Wallace, 90.
The Circuit Judge erred in sustaining the demurrer to the declaration. The judgment will,., therefore, be reversed, and the cause remanded.